UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JUAN SANCHEZ-DOMINGUEZ,<br><br>Defendant. | No. 1:19-cr-00219-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 14, 17) |

This matter is before the court on a motion to dismiss the indictment filed on behalf of defendant Juan Sanchez-Dominguez on March 23, 2020. (Doc. No. 30.) After completion of the initial round of briefing, a hearing on the motion was held by video on May 4, 2020 at which Assistant U.S. Attorney Laura Withers appeared for the government and Assistant Federal Defender Matthew Lemke appeared for the defendant.[1]

The pending motion to dismiss is based upon the argument that because a Notice to Appear for removal proceedings issued by the Department of Homeland Security to defendant in

---

[1] Following the hearing, on May 5, 2020, the government filed a notice of supplemental authorities notifying the court that on that day the Ninth Circuit had issued its decision in *Fermin v. Barr*, __F.3d__, 2020 WL 2123371 (9th Cir. May 5, 2020) in which the court rejected the jurisdictional argument advanced by defendant here. On May 7, 2020, the court issued an order requiring counsel for defendant to file a response, if any, to the government's notice of supplemental authority by May 14, 2020. Defendant's counsel has not elected not to file a response.

1

1  July of 2003 did not include the address of the Immigration Court, that court lacked jurisdiction to
2  enter the predicate 2003 removal order upon which defendant's prosecution in this case, for
3  violating 8 U.S.C. § 1326, relies.  (Doc. No. 30).
4      As the court noted at the hearing on the pending motion, at that time the jurisdictional
5  argument advanced by defendant had been embraced in at least seven decisions issued by district
6  courts within the Ninth Circuit and rejected by at least four others.  Indeed, this court expressed at
7  the hearing that it was aware that at least two of those decisions were pending appeal before the
8  Ninth Circuit when this motion was taken under submission.  As it turned out, the day after the
9  hearing on the pending motion, the Ninth Circuit resolved the issue, holding as follows:

> We acknowledge that [8 C.F.R.] § 1003.15(b)(6) appears to be a clear statement that a notice to appear must include the address of the Immigration Court, but the BIA has carefully explained why that provision does not deprive an immigration court of jurisdiction. The question then, is what is the remedy when the address is omitted from the NTA?—and the BIA has fully explained that § 1003.18(b) supplies the appropriate remedy:  providing the alien and the government with the complete notice at a later time. Aguilar was provided with that notice and appeared for her scheduled hearings.  Given that the regulations expressly state that the omission of an address from an NTA may be fixed by a later hearing notice, it is reasonable to construe the regulatory provisions about when jurisdiction vests as allowing the IJ to assert jurisdiction in such circumstances.
>
> We thus hold that there was no error in the BIA's determination that the lack of time, date, and place in the NTA sent to Aguilar did not deprive the immigration court of jurisdiction over her case.

20  *Fermin v. Barr*, __F. 3d__, 2020 WL 2123371, at *7–8 (9th Cir. May 5, 2020).
21      In light of the Ninth Circuit's decision in *Fermin*, the motion to dismiss the indictment in
22  this action filed on behalf of defendant Sanchez-Dominguez (Doc. No. 30) is denied.
23  IT IS SO ORDERED.
24    Dated:  **May 19, 2020**                                  *Dale A. Drozd*
25                                               UNITED STATES DISTRICT JUDGE